**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: | Jointly Administered |
| EPIC Companies Midwest, LLC, | Bankruptcy No. 24-30281 |
| EPIC Companies Midwest 2023, LLC, | Bankruptcy No. 24-30282 |
| EPIC Employee, LLC, | Bankruptcy No. 24-30283 |
| EOLA Capital, LLC, and | Bankruptcy No. 24-30284 |
| EC West Fargo, LLC, | Bankruptcy No. 24-30285 |
| Debtors. | Chapter 11 |
| EPIC Companies Midwest, LLC, | |
| Plaintiff, | |
| v. | Adversary No. _____ |
| 36th and Veterans, LLC, | |
| Defendant. | |

# COMPLAINT

Plaintiff, EPIC Companies Midwest, LLC (the "Plaintiff"), for its Complaint against Defendant, 36th and Veterans, LLC (the "Defendant"), states and alleges as follows:

## PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of North Dakota and was formed on or around November 19, 2018. Its principal place of business was located at 400 10th Street SE, Minot, North Dakota, 58701.[1]

---

[1] As of October 10, 2024, the Plaintiff's principal addresses changed to 900 Long Lake Road, Suite 180, c/o Lighthouse Management Group, Inc., New Brighton, Minnesota 55112-6455.

2.	The Defendant is a limited liability company organized and existing under the laws of the State of North Dakota and was formed on or around April 28, 2021. Its principal place of business is located at 3509 Interstate Boulevard South, Suite 120, Fargo, North Dakota 58103.

3.	The Defendant owes funds to the Plaintiff pursuant to certain loan transactions.

## JURISDICTION AND VENUE

4.	The Plaintiff filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on July 8, 2024 (the "Petition Date"). The bankruptcy case is currently pending before this Court.

5.	This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

6.	Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7.	The Plaintiff consents to the entry of final orders and judgment by this Court pursuant to Fed. R. Bankr. P. 7008.

8.	This Complaint is filed under Fed. R. Bankr. P. 7001.

## FACTUAL BACKGROUND

I.  **PLAINTIFF'S GENERAL STRUCTURE AND PURPOSE.**

9.	The Plaintiff is part of a series of affiliated companies known collectively as "EPIC Companies."

10.	EPIC Companies generally consist of the Plaintiff, certain real estate holding entities, including the Defendant, certain service-providing companies (i.e., property management and construction), and other companies involved in hospitality, restaurant, entertainment, and similar industries. All of them are affiliated with certain individuals who structured, organized, and sponsored this business activity, including Todd Berning.

2

11. The Plaintiff was formed for the alleged purpose of providing funds to various real estate development projects throughout the State of North Dakota, each of which was developed and managed by subsidiaries of EPIC Companies (the "Project Companies").

12. On information and belief, each of the Project Companies is a "single purpose entity," meaning that each holds one real estate development project.

13. Based on records reviewed to date, each of the Project Companies appears to have a different ownership group.

14. Many of the Project Companies have borrowed money from banks for the construction of the real estate projects at issue, and those banks generally have senior secured positions on the real estate owned by each of the Project Companies.

15. The Plaintiff typically provided funds in the form of "subordinated debt" to each of the Project Companies (the "Sub Debt"). The Sub Debt would be junior to any bank debt but superior to the equity holders in each of the Project Companies.

16. With funds received by the Plaintiff from certain individual investors, the Plaintiff made loans to the Project Companies.

17. Most loans by the Plaintiff to the Project Companies are documented by promissory notes but, on information and belief, some may be reflected solely in accounting records.

18. The majority of the Sub Debt required the Project Companies to make monthly installment payments to the Plaintiff and a final balloon payment on the applicable maturity date.

19. On information and belief, the Defendant is one of the Project Companies. It has an interest in a real estate development project located at 3610 and 3620 Veterans Boulevard South, Fargo, North Dakota 58104.

3

II.   **TRANSFERS TO THE DEFENDANT FROM THE PLAINTIFF.**

20.   Between March 1, 2022 and July 1, 2022, the Plaintiff and the Defendant entered into various promissory notes with the following balances as of November 30, 2024:

| Lender | Date | Original Principal | Principal Paid | Interest Paid | Interest Past Due | Late Fees | Total Amount Due |
|---|---|---|---|---|---|---|---|
| EPIC Midwest | 3/1/22 | $300,000 | $0.00 | $43,875 | $9,750 | $12,390 | $322,140 |
| EPIC Midwest | 4/1/22 | $25,000 | $0.00 | $3,520.92 | $812.52 | $1,032.50 | $26,845.02 |
| EPIC Midwest | 4/1/22 | $25,000 | $0.00 | $3,520.92 | $812.52 | $1,032.50 | $26,845.02 |
| EPIC Midwest | 7/1/22 | $340,000 | $0.00 | $42,358.41 | $11,050.02 | $14,042 | $365,092.02 |
| | | | | | | | **$740,922.06** |

(the "Notes").

21.   Interest accrues on the Notes at a rate of 6.5% and the standard late fee is 0.4 per $1.00.

22.   Pursuant to the Notes, the Plaintiff offered to loan a total of $690,000 to the Defendant under certain terms and conditions and the Defendant accepted the respective offers. The Notes are unsecured.

23.   Between March 11, 2022 and June 30, 2022, and pursuant to the Notes, the Plaintiff transferred a total of $690,000 to or for the benefit of the Defendant (the "Transfers"):

| Date | Amount |
|---|---|
| 3/11/22 | $290,000 |
| 3/15/22 | $10,000 |
| 3/24/22 | $25,000 |
| 3/28/22 | $25,000[2] |
| 6/30/22 | $340,00 |
| | **$690,000** |

24.   Under the terms of the Notes, the Defendant was required to make monthly payments to the Plaintiff in the form of interest.

---

[2] The March 28, 2022 transfer was in the amount of $50,000. However, $25,000 was repaid to the Plaintiff shortly thereafter. Thus, on information and belief, both the Plaintiff and the Defendant treated that note as a $25,000 note.

4

25. The failure to make payments to the Plaintiff as and when such payments were due constitutes a default under the terms of the Notes.

26. Between March 31, 2022 and May 31, 2024, the Defendant paid the Plaintiff a total of $93,275.25 in interest.

27. After May 31, 2024, the Defendant ceased making payments to the Plaintiff and defaulted under the Notes.

28. Therefore, all amounts owed to the Plaintiff by the Defendant became immediately due and payable.

29. As of November 30, 2024, the Defendant owes the Plaintiff a total of at least $740,922.06, which consists of $690,000 of principal, $22,425.06 of interest, and $28,497 of late fees, with interest and fees continuing to accrue.

30. Before, during, and after the period of March 1, 2022 to July 1, 2022, the Plaintiff had creditors, including various individual investors.

31. On June 11, 2024, the Plaintiff's board of directors appointed Lighthouse Management Group, Inc. ("Lighthouse") as its Chief Restructuring Officer.

32. Lighthouse has reviewed the Plaintiff's general ledger, bank statements, and financial reports from January 2019 through June 2024. These financial records indicate that between March 1, 2022 and July 1, 2022, and at all relevant times between entry into the Notes with the Defendant and the Transfers to the Defendant, the Plaintiff was engaged or was about to engage in a business or a transaction for which the remaining assets of the Plaintiff were unreasonably small in relation to the business or transaction or the Plaintiff intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as the debts became due.

5

33. Based on the financial records identified above and reviewed by Lighthouse, between March 1, 2022 and July 1, 2022, and at all relevant times between entry into the Notes with the Defendant and the Transfers to the Defendant, the Plaintiff was insolvent or became insolvent thereafter.

**III.    PRIOR DEMAND FOR AMOUNTS OWED.**

34. On August 1, 2024, the Plaintiff caused a demand letter to be sent on its behalf to the Defendant demanding the amounts owed to the Plaintiff under the Notes.

35. As of the date of this Complaint, the Defendant has failed to pay the Plaintiff.

36. The Plaintiff continues to be harmed by the Defendant's failure to pay the outstanding amounts owed by the Defendant to the Plaintiff.

37. The Plaintiff is still in the process of tracing all of its transfers to the various Project Companies. To the extent the Defendant further transferred funds to other Project Companies, the Plaintiff expressly reserves the right to pursue additional claims against the Defendant and any subsequent transferees, including, but not limited to, claims under Chapter 5 of the Bankruptcy Code.

**COUNT I**
**BREACH OF CONTRACT**
**(EPIC Midwest v. Defendant)**

38. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

39. Between March 1, 2022 and July 1, 2022, the Plaintiff and the Defendant entered into the Notes.

40. Under the terms of the Notes, the Plaintiff agreed to provide the Defendant a total of $690,000; in exchange, the Defendant agreed to make regular monthly payments to the Plaintiff.

6

41. Between March 11, 2022 and June 30, 2022, and pursuant to the Notes, the Plaintiff transferred a total of $690,000 to the Defendant

42. On or around May 31, 2024, the Defendant ceased making payments to the Plaintiff as required by the Notes.

43. The Defendant's failure to make monthly payments to the Plaintiff constitutes a breach of the Notes.

44. Due to the Defendant's breach of the Notes, the Plaintiff has been damaged in the amount of at least $740,922.06, plus interest and other fees and costs allowed by law and the Notes.

## COUNT II
## UNJUST ENRICHMENT
### (EPIC Midwest v. Defendant)

45. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

46. The Plaintiff conferred a benefit to the Defendant by providing $690,000 for use in the Defendant's real estate development project.

47. The Defendant knowingly accepted the $690,000 from the Plaintiff.

48. As the Defendant did not make the agreed upon monthly payments to the Plaintiff, the Defendant is not entitled to the benefit of the full value of the $690,000 from the Plaintiff.

49. Under the circumstances, it would be unjust and inequitable to permit the Defendant to retain the benefit from its actions.

50. The amount of benefit wrongfully retained by the Defendant is in the amount of at least $690,000, plus interest and other fees and costs allowed by law.

## COUNT III
## ACCOUNT STATED
### (EPIC Midwest v. Defendant)

51. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

52. The Plaintiff demanded payment of the Defendant's account with the Plaintiff.

53. The Defendant did not substantively respond to the demand letter or dispute any amounts.

54. The Defendant did not pay the amounts due and owing to the Plaintiff.

55. As a result, the Plaintiff has been damaged in the amount of at least $740,922.06, plus interest and other fees and costs allowed by law.

## COUNT IV
## PROMISSORY ESTOPPEL
### (EPIC Midwest v. Defendant)

56. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

57. The Defendant promised it would make regular monthly payments to the Plaintiff.

58. In reasonable reliance on those promises, the Plaintiff loaned a total of $690,000 to the Defendant.

59. The Plaintiff was harmed by its reasonable reliance on the Defendant's promises, as the Plaintiff loaned $690,000 to the Defendant and was not fully repaid.

60. As a result, the Plaintiff has been damaged in the amount of at least $740,922.06, plus interest and other fees and costs allowed by law.

## COUNT V
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS
N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a)
**(EPIC Midwest v. Defendant)**

61. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

62. The Plaintiff entered into the Notes with the Defendant and made the Transfers to the Defendant and received less than reasonably equivalent value in exchange. The Defendant did not provide the Plaintiff with a security interest in any collateral and eventually only paid $93,275.25 to the Plaintiff despite receiving $690,000 from the Plaintiff.

63. Before, during, and after the period of March 1, 2022 to July 1, 2022, the Plaintiff had creditors, including various individual investors.

64. Lighthouse has reviewed the Plaintiff's general ledger, bank statements, and financial reports from January 2019 through June 2024. These financial records indicate that between March 1, 2022 and July 1, 2022, and at all relevant times between entry into the Notes with the Defendant and the Transfers to the Defendant, the Plaintiff was engaged or was about to engage in a business or a transaction for which the remaining assets of the Plaintiff were unreasonably small in relation to the business or transaction or the Plaintiff intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as the debts became due.

65. The Defendant was either the first transferee or the beneficiary of the Notes and Transfers.

9

66. Based on the foregoing, the Notes and the Transfers are avoidable, and should be avoided, as fraudulent transfers or obligations pursuant to N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. § 544(b).

67. Pursuant to N.D. Cent. Code §§ 13-02.1-04(1)(b), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a), the Plaintiff may recover such fraudulent transfers or obligations from the Defendant in an amount to be determined at trial, plus interest and other fees and costs allowed by law.

## COUNT VI
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS/OBLIGATIONS
### N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a)
### (EPIC Midwest v. Defendant)

68. The Plaintiff restates and realleges the foregoing paragraphs of this Complaint as if set forth fully herein.

69. The Plaintiff entered into the Notes with the Defendant and made the Transfers to the Defendant and received less than reasonably equivalent value in exchange. The Defendant did not provide the Plaintiff with a security interest in any collateral and eventually only paid $93,275.25 to the Plaintiff despite receiving $690,000 from the Plaintiff.

70. Before and during the period of March 1, 2022 to July 1, 2022, the Plaintiff had creditors, including various individual investors.

71. Lighthouse has reviewed the Plaintiff's general ledger, bank statements, and financial reports from January 2019 through June 2024. These financial records indicate that between March 1, 2022 and July 1, 2022, and at all relevant times between entry into the Notes with the Defendant and the Transfers to the Defendant, the Plaintiff was insolvent or became insolvent thereafter.

72. The Defendant was either the first transferee or the beneficiary of the Notes and Transfers.

73. Based on the foregoing, the Notes and the Transfers are avoidable, and should be avoided, as fraudulent transfers or obligations pursuant to N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. § 544(b).

74. Pursuant to N.D. Cent. Code §§ 13-02.1-05(1), 13-.02.1-07, 13-02.1-08(2) and 11 U.S.C. §§ 544(b) and 550(a), the Plaintiff may recover such fraudulent transfers or obligations from the Defendant in an amount to be determined at trial, plus interest and other fees and costs allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that the Court grant the following relief:

A. Enter judgment in favor of the Plaintiff on its claims against the Defendant;

B. Award the Plaintiff its attorney's fees and costs for pursuing this action as allowed by applicable law and the above-described notes;

C. Grant such other relief that the Court deems just and equitable.

11

| | |
|---|---|
| Dated:  December 13, 2024 | */e/ Steven R. Kinsella* |
| | Michael S. Raum (#05676) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 51 Broadway, Suite 400 |
| | Fargo, ND  58102-4991 |
| | 701.237.8200 |
| | mraum@fredlaw.com |
| | |
| | Steven R. Kinsella (#09514) |
| | Katherine A. Nixon (*pro hac vice*, MN #0402772) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 60 South 6th Street, Suite 1500 |
| | Minneapolis, MN  55402-4400 |
| | 612.492.7000 |
| | skinsella@fredlaw.com |
| | knixon@fredlaw.com |
| | |
| | **ATTORNEYS FOR PLAINTIFF** |

# **AFFIDAVIT**

     I, Patrick Finn, am a Partner of Lighthouse Management Group, Inc., the Chief Restructuring Officer for EPIC Companies Midwest, LLC, and I declare under penalty of perjury that the facts set forth in the preceding Complaint are true and correct, according to the best of my knowledge, information, and belief.

Dated: December 9, 2024

*DocuSigned by:*
*PATRICK FINN*
—0939B03D08F04EF...—

Patrick Finn
Partner, Lighthouse Management Group, Inc.
Chief Restructuring Officer for the Plaintiff